## FARLEY, Admr v BROWN

Ohio Appeals, 7th Dist, Mahoning Co
Decided Oct. 11, 1929

John Schlarb, Youngstown, for Farley.
James Brown, for Brown.

POLLOCK, J.

It is urged that this was improper, that this is not a book account at all, and can not be so considered. We call counsel's attention to 10 R. C. L., 376, after some other reference as to what may be prescribed, the authority says:

"No mode is prescribed by law in which a book must be kept to make it evidence, and the question of competency must be determined by the appearance and character of the book, regard being had to the degree of education of the party, the nature of his employment, the manner of his charges against other people, and all the circumstances of the case.
Again:

"Several scraps of paper may be admitted in evidence as a book of original entries where sworn to as such."

"It seems that an account book, kept by one unable to write, in which the only entries are straight marks to indicate the number of the articles delivered, is admissible in evidence when supported by oath. A shingle upon which a woodman kept an account of the quantity of timber hewn by him—",

In fact, these entries on the calendar were made by Brown at the time and were intended as his account book. Taking into consideration the character of the subject matter and the person making them, it can be used as a book account.

The same rules may be found in 22 C. J., 868, Sec. 1042; 4 Jones on Evidence, 2 Ed., 3299.

We think there was no error committed by the trial court in admitting this book account in evidence.

Roberts and Farr, JJ., concur.